FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 JUN 17 PM 3:46

CL...
MID...
TA...A.FLORIDA

AMADO NAVAS,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )   **Case** No.  8:03cv487-T-23 (TGW)
                                      )   **Magi**strate Judge:  Thomas G. Wilson
CISCO SYSTEMS INC., BRUCE BASTIAN,    )
CHUCK ROBBINS, DAVID CAMPBELL, AND    )
RICK JUSTICE,                         )
                                      )
                Defendants.           )
                                      )

**AFFIDAVIT OF FREDRICK H.L. MCCLURE**
**IN SUPPORT OF DEFENDANTS' JOINT**
**MOTION TO COMPEL ARBITRATION AND**
**TO STAY PROCEEDINGS PENDING ARBITRATION**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    Fredrick H.L. McClure, after first being duly sworn according to law, deposes and says

that:

    1.    I am over eighteen (18) years of age and have personal knowledge of the facts set

forth herein.

    2.    I am an attorney licensed to practice law in the State of Florida and one of the

Defendants' attorneys of record in the captioned action.

    3.    On April 14 and 15, 2003, I telephoned Mr. Amado Navas ("Mr. Navas"), the

Plaintiff herein, with respect to the captioned lawsuit.  The purpose of my call was to advise Mr.

12

Navas of my representation of each of the Defendants, to remind him of his obligation to submit his claims to arbitration, and to ascertain whether he would voluntarily consent to the arbitration or whether it would be necessary for the Defendants to file a motion to compel the arbitration.

4.    Later in the afternoon of April 15, 2003, Mr. Navas telephoned me and advised that he would not consent to the arbitration.

5.    By correspondence dated April 15, 2003, I confirmed with Mr. Navas his advice to me that he would not consent to the arbitration, and I enclosed with the correspondence a copy of the Agreement to Arbitrate Employment Disputes which Mr. Navas executed when he joined Cisco in August, 1999.   A copy of the correspondence, together with enclosure, is attached hereto as Exhibit "A".

6.    By correspondence dated April 17, 2003, Mr. Navas again confirmed his refusal to consent to arbitration of his claims.  A copy of Mr. Navas's correspondence is attached hereto as Exhibit "B".

FURTHER AFFIANT SAITH NAUGHT.

Fredrick H.L. McClure

SWORN TO AND SUBSCRIBED before me this 17th day of June, 2003, by Fredrick H.L. McClure, who is personally known to me or who has produced a valid _____ as identification.



(Notarial Seal)

Notary Public, State of Florida
Printed Name: Zita Ramkissoon
My Commission Expires: 10/9/04

~TampDocs:437454.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail to:

Amado Navas, Pro Se
7810 Greenshire Drive
Tampa, Florida 33634

on this 17 day of June, 2003.

By: _____
Fredrick H. L. McClure
Florida Bar No. 147354
PIPER RUDNICK LLP
101 East Kennedy Boulevard
Suite 2000
Tampa, Florida 33602-1447
Telephone: (813) 229-2111
Facsimile: (813) 229-1447

Counsel for Defendants
  Cisco Systems, Inc.
  Bruce Bastian
  Chuck Robbins
  David Campbell
  Rick Justice

And

Amy W. Schulman
Robin C. Tarr
PIPER RUDNICK LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 835-6000

3

~TampDocs:437454.v1

# Piper Rudnick

Suite 2000
101 East Kennedy Boulevard
Tampa, Florida 33602-5149
*main* 813.229.2111 *fax* 813.229.1447

FREDRICK H.L. MCCLURE
fredrick.mcclure@piperrudnick.com
*direct* 813.222.5908 *fax* 813.371.1111

April 15, 2003

Mr. Amado Navas
7810 Greenshire Drive
Tampa, Florida 33634

> Re:  **Amado Navas v. Cisco Systems, Inc., Bruce Bastian, Chuck Robbins, David
> Campbell, and Rick Justice
> Case No. 8:03-CV-487-T-23**

Dear Mr. Navas:

This letter follows and confirms our telephone conferences of Monday, April 14 and
Tuesday, April 15, 2003, with respect to the referenced matter. As I advised in our initial
telephone conversation, my firm represents each of the defendants in the referenced matter. The
purpose of my call was to inform you of same, to remind you of your obligation to submit the
referenced claim to arbitration, and to determine whether you would consent to arbitration or
whether it would be necessary for the defendants to file a motion to compel arbitration. You
advised that you did not recall signing such an agreement, but that you would like to have time to
think it over. For your ready reference, enclosed herewith is a copy of the Agreement to
Arbitrate Employment Disputes you executed when you joined Cisco in August, 1999.

You today telephoned me and advised that you will not consent to arbitration. You
further advised that you did not have time to speak further about the matter because you needed
to return to attending to your wife, who is undergoing a medical procedure. We concluded our
conversation with me wishing your wife well and further advising that I would proceed as we
previously discussed.

Sincerely,

PIPER RUDNICK LLP

Fredrick H. L. McClure

FHLM/zr (434759.1)
Enclosure
cc:   Amy Schulman, Esq. (w/o encl.)

*Piper Rudnick LLP  •  In Illinois, Piper Rudnick, an Illinois General Partnership*

# AGREEMENT TO ARBITRATE EMPLOYMENT DISPUTES

I agree that any existing or future dispute or controversy arising out of my employment with Cisco Systems, Inc. (the "Company") or the termination thereof shall be resolved by final and binding arbitration in accordance with the rules and regulations of the American Arbitration Association.

<u>Scope of Disputes and Claims to Be Arbitrated</u>

Notwithstanding the at-will nature of my employment with the Company, I understand and agree that this Agreement shall apply to any and all disputes and claims arising from and relating to my employment with the Company, whether the dispute or claim arises in tort or contract; pursuant to statute, regulation or otherwise, now in existence or which may in the future be enacted, amended or judicially recognized, as well as the following:

- claims for breach of contract or contractual obligation whether such alleged contract or obligation be oral or written or express or implied by fact or law;

- claims of wrongful termination, including violation of public policy and constructive discharge;

- claims of discrimination under any and all state and federal statutes that prohibit discrimination in employment, as well as claims for violation of any other state or federal statute except as set forth below;

- claims of non-payment or incorrect payment of wages, commissions, bonuses, severance, employee fringe benefits, and the like whether such claims be pursuant to alleged express or implied contract or obligation, equity, the California Labor Code, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, and any other local, state or federal law concerning wages, compensation or employee benefits;

- claims for infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, violation of public policy, defamation, and any other tort or tort-like causes of action relating to or arising from the employment relationship or termination thereof.

I understand and agree that arbitration of such disputes and claims shall be the sole and exclusive mechanism for resolving any and all existing and future disputes or controversies arising out of my employment with the Company or the termination thereof, with the following exceptions which will be resolved as required by law then in effect:

- claims for benefits under the workers' compensation, unemployment insurance and state disability insurance laws.

- claims concerning the validity, **infringement** or enforceability of any trade secret, patent right, copyright, **trademark, or** any other intellectual property held or sought by the Company or **which the** Company could otherwise seek.

- any other claim in which there **has been a final** decision by the California Supreme Court or Ninth Circuit **Court of App**eals holding that the claim in question cannot be subject to **final and binding** arbitration.

<u>Decision of Arbitrator Binding; Waiver of Trial Before **Court, Jury** or Government Agency</u>

I understand and agree that this Agreement **provides** that arbitration shall be instead of a trial before a court or jury or a hearing **before a gover**nment agency. I understand and agree that the decision of the arbitrator shall be **final and binding** on both the Company and me, it shall provide the exclusive remedy(ies) for resolving **any and** all disputes between the Company and me **arising from our** employment relationship, **and** it shall be enforceable by any court having proper jurisdiction thereof.

I understand and agree that by signing **this Agreement**, I am expressly waiving any and all rights and benefits conferred on me by federal, **state or** local law to a trial before a court or jury or before a government agency regarding **any dispute** and claim which I now have (whether or not known or suspected) or which I may in **the future** have with the Company.

<u>Place of Arbitration</u>

I understand and agree that arbitration **of disputes** arising from my employment with the Company shall take place in Santa Clara County, **California**. If, at the time the dispute in question arose, I lived and worked more than one **hundred (100)** miles from Santa Clara County, California, then I have the option of requesting **that the** arbitration take place in the county in which the Company has an office that is **nearest to my** residence at the time the dispute in question arose.

<u>Costs of Arbitration</u>

I understand and agree that the Company **and I sha**ll bear our own attorneys' fees incurred in connection with the arbitration, and the **arbitrator will** not have authority to award attorneys' fees unless a statute at issue in the dispute **authorizes** the award of attorneys' fees to the prevailing party, in which case the arbitrator shall **have the** authority to make an award of attorneys' fees to the extent and as permitted by the **applicable** statute.

<u>Governing Law</u>

I understand and agree that this Agreement **and its** validity, construction and performance shall be governed in all respects by the laws **of the** State of California, without giving effect to its conflict of laws principles. Further, **the arbitra**tion shall be conducted in accordance with the rules and procedures of the American **Arbitra**tion Association.

2

Severability

I understand and agree that if any term or portion thereof of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

Complete Agreement

I understand and agree that this Agreement contains the complete agreement between the Company and me regarding all subjects covered herein; that it supersedes any and all prior representations and agreements, if any; and that it may be modified only in a writing, expressly referencing this Agreement and me by full name, and signed by the President of the Company.

Knowing and Voluntary Agreement

I acknowledge that I have been advised to consult with an attorney of my own choosing before signing this Agreement, and I have had an opportunity to do so.

I acknowledge that I have read this Agreement and I understand its terms and that by signing it, I am acknowledging at-will employment and am waiving all rights to a trial before a court or jury of any and all disputes and claims regarding my employment with the Company or the termination thereof, except as otherwise noted herein, that now exist or may in the future exist or be known or suspected by me.

Date: 08 /18 / 1999 _____

Employee Signature

Employee Name (Please Print)

3

April 17, 2003

Mr. Fredrick H. L. McClure
Piper Rudnick
101 East Kennedy Boulevard
Tampa, FL 33602-5149
Cc: Bruce Bastian, Chuck Robbins, David Campbell, and Rick Justice

**Re: *Amado Navas v. Cisco Systems, Inc., Bruce Bastian, Chuck Robbins, David Campbell, and Rick Justice. Case # 8:03-CV-487-T-23***

Dear Mr. McClure:

I have received your letter of April the 15th, 2003. I appreciate your personal concern with regards to my wife's health; the particular test performed that day came back OK. thank God.

My position remains the same with regards to taking my case against Cisco and all the defendants, to arbitration. I refuse to do so, and I will present my reasons to Judge Merryday after you file your motion. Please understand that I will not loose this case quietly. If I am ordered by the court to go to arbitration, I will consider that a major defeat; since I have little else to loose I will immediately release to all the major news media networks all the documentation, including the audio recordings containing racial ridicule that I was subjected to by your clients. I will also go public with the evidence that I have that Cisco is falsifying Customer Satisfaction Surveys results, and If they are engaging in fabricating false Customer Satisfaction Surveys, perhaps they are also falsifying other critical financial data. I believe that the Wall Street Journal will have a field day with this story. Also as you are filing your motion, I will be filing a motion following the FRCP, Federal Rules of Civil Procedure, moving to designate this lawsuit as a Class Action Lawsuit.

Mr. McClure I am willing to resolve this matter quietly and privately, or in the eyes and ears of the American public. You and your clients decide.

Sincerely,

Amado Navas

*Amado Navas ▪ 7810 Greenshire dr. ▪ Tampa, FL. ▪ 33634 ▪ (813) 880-8977*

