FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA   03 JUN 17 PM 3: 46
TAMPA DIVISION

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

AMADO NAVAS,                          )
                                      )
             Plaintiff,               )
                                      )   Case No. 8:03cv487-T-23 (TGW)
     v.                               )   Magistrate Judge: Thomas G. Wilson
                                      )
CISCO SYSTEMS INC., BRUCE BASTIAN,    )
CHUCK ROBBINS, DAVID CAMPBELL, AND    )
RICK JUSTICE,                         )
                                      )
             Defendants.              )
                                      )

AFFIDAVIT OF PAULA HUGHES
IN SUPPORT OF DEFENDANTS' JOINT
MOTION TO COMPEL ARBITRATION AND
TO STAY PROCEEDINGS PENDING ARBITRATION

STATE OF NEW JERSEY

COUNTY OF _Mercer_

Paula Hughes, after first being duly sworn according to law, deposes and says that:

1. She is over eighteen (18) years of age, has personal knowledge of the facts set forth herein, and is competent to give this affidavit.

2. She is the _Employee Relations Manager_ with Cisco Systems, Inc. ("Cisco"), a Defendant in the captioned action, and he/she has reviewed the files and records with respect to Mr. Amado Navas ("Mr. Navas"), the Plaintiff herein, preparatory to giving this Affidavit.

3. Mr. Navas began his employment with Cisco on August 23, 1999 pursuant to the terms of an offer of employment from Cisco included in a letter dated August 17, 1999 that Mr.

Navas was required to execute prior to beginning his employment with Cisco (the "Offer Letter"). Mr. Navas executed the Offer Letter. A true and correct copy of the Offer Letter, executed by Mr. Navas, is attached hereto as Exhibit "A".

4.  As described in the Offer Letter, a condition precedent to Mr. Navas's employment with Cisco was his execution of an Agreement to Arbitrate Employment Disputes (the "Arbitration Agreement"). Mr. Navas executed the Arbitration Agreement. A true and correct copy of the Arbitration Agreement executed by Mr. Navas is attached hereto as Exhibit "B".

5.  It is Cisco's policy to enforce its right to arbitrate employment disputes with its employees. To that end, Cisco prepays all costs of the arbitration.

FURTHER AFFIANT SAITH NAUGHT.

_____
Affiant

SWORN TO AND SUBSCRIBED before me this 16th day of June, 2003, by Paula Hughes, who is personally known to me or who has produced a valid Driver's License as identification.

_____
Notary Public, State of New Jersey
Printed Name: Lorraine Rose
My Commission Expires: 4/21/2004

(Notarial Seal)

LORRAINE ROSE
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 4/21/2004

3688346

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:

Amado Navas, Pro Se
7810 Greenshire Drive
Tampa, Florida 33634

on this __17th__ day of June, 2003.

By: _____
Fredrick H. L. McClure
Florida Bar No. 147354
PIPER RUDNICK LLP
101 East Kennedy Boulevard
Suite 2000
Tampa, Florida 33602-1447
Telephone: (813) 229-2111
Facsimile: (813) 229-1447

Counsel for Defendants
   Cisco Systems, Inc.
   Bruce Bastian
   Chuck Robbins
   David Campbell
   Rick Justice

And

Amy W. Schulman
Robin C. Tarr
PIPER RUDNICK LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 835-6000

3688346



**CISCO SYSTEMS**

ORIGINAL

August 17, 1999

Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-1706
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

Amado Navas
7810 Greenshire Drive
Tampa, FL 33634

Dear Amado:

On behalf of Cisco Systems, Inc., I am pleased to offer to you the exempt position of Systems Engineer II at grade level 9 in our North Florida Commercial department, reporting to me.

Should you accept this offer, your compensation will include:

- A base salary of $3,269.23 paid every other week, equal to $85,000 on an annualized basis.

- Eligibility to participate in the FY 2000 Systems Engineer Compensation plan.

- Our offer also includes a sign-on bonus of $15,000.00, less applicable taxes. This bonus will be disbursed to you within thirty (30) days after your employment start date. In the unlikely event that you terminate employment with Cisco prior to the completion of one (1) year of service, you agree to reimburse this $15,000.00 bonus to Cisco. A copy of the Signing Bonus Acknowledgment Clause has been included for your review and signature.

- By accepting this offer within seven (7) days and starting employment within two (2) weeks of your acceptance date, you will be eligible for the additional bonuses below. These bonuses will also be disbursed to you within thirty (30) days after your employment start date. In the unlikely event that you terminate employment with Cisco prior to the completion of one (1) year of service, you agree to reimburse these other bonuses to Cisco as well.

  - In addition, you will also receive an additional $7,500.00 less applicable taxes.



# CISCO SYSTEMS



Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-1706
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

Amado Navas
August 17, 1999
Page 2 of 4

- Subject to Board approval, you will be granted an **option to** purchase 2,000 shares of the company's common stock. The purchase price of the **stock will** be the price in effect on the date the Board grants your stock options, which is **normally within** the first 45 days of your date of hire. In accordance with the terms of the stock **option** plan, the option on 25% of the shares becomes exercisable upon completion of **the first year** of employment. From that point forward, you will be able to exercise 1/48 of **the initial** grant per month over the next 36 months. If this offer is accepted within 7 days, **and, you begin** your employment within two weeks of your acceptance date, you will **receive an additional** 2,000 shares of the company's common stock.

- As a full-time employee, you will be provided with **the full** company benefit package, a summary of which is enclosed for your review. **We have put** a great deal of emphasis on our benefits, and expect that they will continue to **evolve as we** grow and as the needs of our people and their families change.

This offer is contingent upon our completion of successful **reference** checks and a background investigation (which is routinely conducted on all new hires), **and** your completing, signing and returning to us, both the enclosed copy of this offer letter **and the** Proprietary Information and Inventions Agreement to Accompany Employment Agreement, **and** the Agreement to Arbitrate Employment Disputes. You need to return the signed **documents** in the enclosed envelope prior to your date of hire. Your employment and start date **are contingent** upon our receipt of these documents.

The Immigration Control and Reform Act of 1986 requires **that all** new employees submit proof of employment eligibility. This proof should be submitted **on** your first day of employment, along with the enclosed I-9 form. You can satisfy **the I-9** requirement by providing one document from list A on the I-9 instructions or by providing **one** document from both List B and List C as outlined on the second page of the enclosed I-9 **form. In** order to put you on the Cisco payroll, you will need to bring your Social Security Number.

In addition to the I-9 form, an I-9 Supplement - Cisco **Technology** Transfer Assessment form has also been enclosed. Cisco Systems designs, produces, **and uses** technology that is subject to export controls. U.S. law requires that we verify your **eligibility** to access this technology. Please complete the enclosed I-9 Supplement form and **return it with** the signed offer letter.


**CISCO SYSTEMS**

Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-1706
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

Amado Navas
August 17, 1999
Page 3 of 4

Amado, we are pleased that you are interested in Cisco **Systems** and we all look forward to working with you. We believe that you will find Cisco a **truly exciting** and fulfilling place to work. Please signify your acceptance of our offer by **signing below** and returning this letter to Zinna Howard, HR Coordinator, by Tuesday, August 24, **1999.**

Sincerely,

*Jim Vaughn*
Jim Vaughn
SE Manager

JV/rs

I accept this offer and have enclosed a completed I-9 **Supplement** Form, and signed Proprietary Information and Inventions Agreement to Accompany **Employment** Agreement and Agreement to Arbitrate Employment Disputes documents.

_____      08/18/99       08/23/1999
AMADO NAVAS                   Date           Anticipated Start Date

Additionally, I wish to accelerate the benefits enrollment **process** by providing my birthdate with this signed acceptance of Cisco's Employment offer (optional):    10/20/1957
                                                              Birthdate (mo/day/year)

Attachments:
- I-9 Form (please complete and bring to New Employee **Orientation**, along with supporting documentation)
- I-9 Supplement - Cisco Technology Transfer Assessment (**to be returned** with signed offer letter)
- Proprietary Information and Inventions Agreement to Accompany **Employment** Agreement (to be returned **with offer letter**)
- Agreement to Arbitrate Employment Disputes (to be **returned with** offer letter)
- W-4 Form (please complete and bring to New **Employee Orientation**)
- DE4 Form (please complete and bring to New **Employee Orientation** *(for CA employees only)*
- Post Offer Voluntary Self Identification Form (to be **returned with signed** offer letter if applicable)
- Cisco Benefits Summary

# CISCO SYSTEMS



Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-1706
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

Amado Navas
August 17, 1999
Page 4 of 4

## SIGN-ON BONUS ACKNOWLEDGMENT CLAUSE

I have read and understand the Cisco Systems, Inc. Sign-On Bonus Policy. I further understand that I have not earned the Sign-On Bonus that I have received until I have completed twelve months of employment. Thus, in the event that I resign my employment for any reason prior to the completion of one (1) year of service, I agree to return to Cisco Systems, Inc. the Sign-On Bonuses paid to me.

If my employment with Cisco terminates prior to one (1) year of service, I will execute an authorization at the time of termination of my employment authorizing Cisco Systems, Inc. to withhold from my final paycheck any Sign-On Bonus reimbursement due to Cisco Systems, Inc. as described above. In the event the reimbursement amount I owe Cisco Systems, Inc. is greater than the amount of my final paycheck, I agree to pay the balance in full to Cisco Systems, Inc. within thirty (30) days of my termination date.

In the event of involuntary termination due to performance issues and/or job restructuring, no reimbursement is required.

_____
AMADO NAVAS

08/18/1999
Date

## AGREEMENT TO ARBITRATE EMPLOYMENT DISPUTES

I agree that any existing or future dispute or controversy arising out of my employment with Cisco Systems, Inc. (the "Company") or the termination thereof shall be resolved by final and binding arbitration in accordance with the rules and regulations of the American Arbitration Association.

### Scope of Disputes and Claims to Be Arbitrated

Notwithstanding the at-will nature of my employment with the Company, I understand and agree that this Agreement shall apply to any and all disputes and claims arising from and relating to my employment with the Company, whether the dispute or claim arises in tort or contract; pursuant to statute, regulation or otherwise, now in existence or which may in the future be enacted, amended or judicially recognized, as well as the following:

- claims for breach of contract or contractual obligation whether such alleged contract or obligation be oral or written or express or implied by fact or law;

- claims of wrongful termination, including violation of public policy and constructive discharge;

- claims of discrimination under any and all state and federal statutes that prohibit discrimination in employment, as well as claims for violation of any other state or federal statute except as set forth below;

- claims of non-payment or incorrect payment of wages, commissions, bonuses, severance, employee fringe benefits, and the like whether such claims be pursuant to alleged express or implied contract or obligation, equity, the California Labor Code, the Fair Labor Standards Act, the Employee Retirement Income Securities Act, and any other local, state or federal law concerning wages, compensation or employee benefits;

- claims for infliction of emotional distress, misrepresentation, interference with contract or prospective economic advantage, violation of public policy, defamation, and any other tort or tort-like causes of action relating to or arising from the employment relationship or termination thereof.

I understand and agree that arbitration of such disputes and claims shall be the sole and exclusive mechanism for resolving any and all existing and future disputes or controversies arising out of my employment with the Company or the termination thereof, with the following exceptions which will be resolved as required by law then in effect:

- claims for benefits under the workers' compensation, unemployment insurance and state disability insurance laws.



- claims concerning the validity, infringement or enforceability of any trade secret, patent right, copyright, trademark, or any other intellectual property held or sought by the Company or which the Company could otherwise seek.

- any other claim in which there has been a final decision by the California Supreme Court or Ninth Circuit Court of Appeals holding that the claim in question cannot be subject to final and binding arbitration.

<u>Decision of Arbitrator Binding; Waiver of Trial Before Court, Jury or Government Agency</u>

I understand and agree that this Agreement provides that arbitration shall be instead of a trial before a court or jury or a hearing before a government agency. I understand and agree that the decision of the arbitrator shall be final and binding on both the Company and me, it shall provide the exclusive remedy(ies) for resolving any and all disputes between the Company and me arising from our employment relationship, and it shall be enforceable by any court having proper jurisdiction thereof.

I understand and agree that by signing this Agreement, I am expressly waiving any and all rights and benefits conferred on me by federal, state or local law to a trial before a court or jury or before a government agency regarding any dispute and claim which I now have (whether or not known or suspected) or which I may in the future have with the Company.

<u>Place of Arbitration</u>

I understand and agree that arbitration of disputes arising from my employment with the Company shall take place in Santa Clara County, California. If, at the time the dispute in question arose, I lived and worked more than one hundred (100) miles from Santa Clara County, California, then I have the option of requesting that the arbitration take place in the county in which the Company has an office that is nearest to my residence at the time the dispute in question arose.

<u>Costs of Arbitration</u>

I understand and agree that the Company and I shall bear our own attorneys' fees incurred in connection with the arbitration, and the arbitrator will not have authority to award attorneys' fees unless a statute at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees to the extent and as permitted by the applicable statute.

<u>Governing Law</u>

I understand and agree that this Agreement and its validity, construction and performance shall be governed in all respects by the laws of the State of California, without giving effect to its conflict of laws principles. Further, the arbitration shall be conducted in accordance with the rules and procedures of the American Arbitration Association.

2

Severability

I understand and agree that if any term or portion thereof of this Agreement shall, for any reason, be held to be invalid or unenforceable or to be contrary to public policy or any law, then the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

Complete Agreement

I understand and agree that this Agreement contains the complete agreement between the Company and me regarding all subjects covered herein; that it supersedes any and all prior representations and agreements, if any; and that it may be modified only in a writing, expressly referencing this Agreement and me by full name, and signed by the President of the Company.

Knowing and Voluntary Agreement

I acknowledge that I have been advised to consult with an attorney of my own choosing before signing this Agreement, and I have had an opportunity to do so.

I acknowledge that I have read this Agreement and I understand its terms and that by signing it, I am acknowledging at-will employment and am waiving all rights to a trial before a court or jury of any and all disputes and claims regarding my employment with the Company or the termination thereof, except as otherwise noted herein, that now exist or may in the future exist or be known or suspected by me.

Date: 08/18/1999                    _____
                                    Employee Signature

                                    AMADO NAVAS
                                    Employee Name (Please Print)

3